Criminal Case Template










 



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




RUBEN LEYVA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-00-00510-CR


Appeal from the


243rd District Court


of El Paso County, Texas


(TC# 20000D01925)



M E M O R A N D U M O P I N I O N



 This is an appeal from jury convictions on three counts of burglary of a habitation. 
The court assessed punishment at fifty (50) years' imprisonment on each count. We reverse
count three of the indictment, we reform counts one and two, and affirm the judgment, as
reformed.

I. SUMMARY OF THE EVIDENCE


 At trial, the evidence revealed that eighty-five year old Ricardo Avitia and his eighty-two year old wife, Sara, lived on Cleveland Street in El Paso, Texas. They were awakened
in the early morning hours of March 1, 2000 by someone banging on the kitchen door. Both
suffered from hearing loss. Avitia went to the door and turned on the outside light. He
opened the door and saw a man standing outside. He was wrapped in bandages and was
wearing a dark-colored hood that covered his face. Neither Avitia nor his wife were able to
see the man's face. He asked if an individual named Lopez was there and Avitia responded
negatively. The man pulled the screen door open and he pushed the interior kitchen door. 
He hit Avitia with his elbow and threw him to one side. Sara Avitia saw the individual come
into the kitchen. She attempted to reach the telephone, but he pulled the phone off the wall
and threw it onto the floor. He again pushed Avitia and then he swiftly proceeded to the
hallway and pulled the other telephone from the wall in the living room. Sara Avitia stated
that he knew the location of that phone. 

 The intruder pushed Avitia into the bedroom and pushed him into Sara Avitia. He
shoved them against a wall. They were then pushed down onto the floor. Both Avitias
testified that the intruder had a gun that was wrapped to his hand with the bandages. Only
two or three inches of the barrel were visible. Avitia noticed that the gun had two barrels. 
The intruder asked them for money and jewelry. Avitia told him they had none and he
attempted to frighten them by pointing the gun. He began searching and found $700 under
Sara Avitia's pillow. He also took several watches belonging to them, and some coins and
$65 from Avitia's pants. Avitia testified that the man tried to hit him with the gun, but not
in a manner that indicated he wanted to shoot the gun. The complainant stated that he felt
pain in his hip the following three days. 


 During the night of March 10, 2000 a man came to the Avitia's kitchen door and
knocked hard on the door. He identified himself and told Avitia he wanted to make a deal. 
He pushed and knocked at the door and Sara Avitia called the police. When they arrived,
they detained Appellant. One of the police officers interviewed a man who was waiting in
the driver's seat of a vehicle in front of the house. The driver stated that he had taken
Appellant to the Avitia's house. He stated that prior to that, he had taken Appellant to his
mother's house where he retrieved a white bag. The driver consented to a search of the
vehicle. The officer found a silver-colored ornamental pistol having two barrels. It was
stipulated at trial that the object was not a firearm; rather, it was an ornamental object
fashioned in the shape of a double barreled pistol. Avitia identified the object as being the
"gun" used by the intruder on the first of March. 

 Avitia testified that the man at the door on March 10, was the same individual who
had entered the house on March 1. Avitia stated that when Appellant called his name at the
kitchen door on March 10, he realized that Appellant was the same individual who had
entered his home on March 1. He based his identification on the man's size and his voice
and the fact that he had spoken with Appellant before. It was revealed at trial that Appellant
had been at the Avitia's house on numerous prior occasions to do work around the house. 
Avitia had spoken with Appellant at length on those occasions. Sara Avitia also stated that
she recognized Appellant's size and voice notwithstanding her hearing loss. 


II. DISCUSSION


 In Issue No. One, Appellant asserts that the evidence is legally insufficient to support
the conviction on the third count of the indictment. In a three-count indictment, Appellant
was charged with: (1) burglary of a habitation--entry with intent to commit theft; (2)
burglary of a habitation--entry with intent to commit injury to an elderly person; and (3)
burglary of a habitation--entry and committed and attempted to commit aggravated assault. 
In each count, the State alleged habitualization counts alleging that Appellant had three prior
felony convictions. 

 In reviewing the legal sufficiency of the evidence, we are constrained to view the
evidence in the light most favorable to the judgment to determine whether any rational trier
of fact could find the essential elements of the offense, as alleged in the application
paragraph of the charge to the jury, beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim.
App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987). More
particularly, sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d
234, 239-40 (Tex. Crim. App. 1997).

 Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence or evaluate
the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial are
given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El Paso
1995, pet. ref'd); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d 757, 759
(Tex. App.--El Paso 1992, pet. ref'd); Bennett v. State, 831 S.W.2d 20, 22 (Tex. App.--El
Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we resolve
any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at 843,
(quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of fact,
not the appellate court, is free to accept or reject all or any portion of any witness's testimony. 
Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref'd).

 The application paragraph of the charge to the jury read, in relevant part:

 Now, if you find from the evidence beyond a reasonable doubt that on or about
the 1st day of March, 2000, in El Paso County, Texas, the defendant, RUBEN
LEYVA, did then and there, intentionally or knowingly, without the effective
consent of RICARDO AVITIA, SR., the owner, enter a habitation and did then
and there commit or attempt to commit a felony, to wit: AGGRAVATED
ASSAULT, then you will find the defendant guilty. 


 The following instructions were given:


 A law provides that a person commits an assault if the person (1) intentionally,
knowingly or recklessly causes bodily injury to another including the person's
spouse or (2) intentionally or knowingly threatens another with imminent
bodily injury, including the person's spouse.


 A person commits AGGRAVATED ASSAULT if the person commits an
assault, as defined above, and (1) uses or exhibits a deadly weapon during the
commission of the assault or (2) causes serious bodily injury to another
including the person's spouse. AGGRAVATED ASSAULT is a felony. 

 

 The term "deadly weapon" means:


 (a) a firearm or anything manifestly designed, made, or adapted for the purpose
of inflicting death or serious bodily injury; or 


 anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.


 The term "bodily injury" means physical pain, illness, or any impairment of
physical condition.


 The term "serious bodily injury" means bodily injury that creates a substantial
risk of death or that causes death, serious permanent disfigurement, or
protracted loss or impairment of the function of any bodily member or organ. 


 Appellant maintains that the State neither proved that Appellant inflicted serious
bodily injury nor did it prove that a deadly weapon was utilized. However, it was not
necessary to prove that Appellant committed aggravated assault; rather, it will suffice if the
State demonstrated that Appellant attempted to commit aggravated assault. See In re J. L.
H., 58 S.W.3d 242, 249 (Tex. App.--El Paso 2001, no pet.); Bui v. State, 964 S.W.2d 335,
342-43 (Tex. App.--Texarkana 1998, pet. ref'd). A person commits an attempted offense if,
with the specific intent to commit an offense, he does an act amounting to more than mere
preparation that tends but fails to effect the commission of the offense intended. Tex. Penal
Code Ann. § 15.01(a) (Vernon 1994). If an individual attempts an offense that may be
aggravated, his conduct constitutes an attempt to commit the aggravated offense if an
element that aggravates the offense accompanies the attempt. Tex. Penal Code Ann. §
15.01 (b) (Vernon 1999). As this section requires the aggravating element to accompany the
attempt, to support a conviction for an attempt to commit an aggravated offense, the jury
must find more than an intent to commit the aggravating element. Wilson v. State, 823
S.W.2d 777, 780 (Tex. App.--Waco 1992), rev'd on other grounds, 845 S.W.2d 908 (Tex.
Crim. App. 1993).

 In this instance, it is clear that the ornamental gun was not a deadly weapon. The
ornamental device was not a firearm and there was no evidence that in the manner of its use
or intended use it was capable of causing death or serious bodily injury. 

 Regarding serious bodily injury, though frequently a matter of degree, there must be
a meaningful distinction between "bodily injury" and "serious bodily injury." Hernandez v.
State, 946 S.W.2d 108, 113 (Tex. App.--El Paso 1997, no pet.). In order for the bodily injury
to rise to the level of serious bodily injury, there must be evidence that the injury created a
substantial risk of death. Id. at 112. Further, bodily injury cannot be elevated to "serious
bodily injury" by postulating potential complications which are not in evidence. Id. There
is no evidence of serious permanent disfigurement. Regarding protracted impairment, there
was evidence that Avitia was in pain for three days. However, protracted impairment means
that some function of either an organ or body member must be impaired. Id. This period of
recuperation does not elevate bodily injury to serious bodily injury, but at best shows only
some impairment of physical condition. See id. at 113. We find that the evidence is legally
insufficient to demonstrate either of the aggravating elements of aggravated assault 
Accordingly, we sustain Appellant's Issue No. One as it relates to the third count of the
indictment.

 In Issue No. Two, Appellant contends that the judgment is void as it purports to
sentence Appellant to fifty (50) years' imprisonment on a second-degree felony which has
a maximum term of twenty years and the court never found the habitualization paragraphs
to be true. During the punishment stage of trial, the court admitted into evidence a
stipulation wherein Appellant stipulated that he had been convicted of three prior felony
convictions as alleged in the habitualization paragraphs on each count of the indictment.
Appellant pleaded true to the habitualization paragraphs on each count. The court
admonished Appellant of the consequences of pleading true by stating that he could be
sentenced to a term of no less than twenty-five years up to ninety-nine years. Appellant
responded that he was voluntarily pleading true. The court then sentenced Appellant to fifty
years imprisonment. The court did not make a pronouncement finding the habitualization
allegations to be true. The judgment reflects that Appellant was convicted of three counts
of burglary of a habitation--second-degree felonies. There is no reference to the
habitualization allegations in the judgment.

 Initially, we note that Tex. Penal Code Ann. § 30.02 (c) & (d) (Vernon Supp. 2002)
regarding the punishments for the offense of burglary provide:

 (c) Except as provided in Subsection (d), an offense under this section is a:

 (1) state jail felony if committed in a building other than a
habitation.

 (2) felony of the second degree if committed in a habitation.

 (d) An offense under this section is a felony of the first degree if:

 (1) the premises are a habitation; and 

 (2) any party to the offense entered the habitation with intent to
commit a felony other than felony theft or committed or
attempted to commit a felony other than felony theft. 


 Accordingly, the first count--entry with intent to commit theft is a second-degree
felony. The second count--entry with intent to injure an elderly person is a first-degree
felony. Tex. Penal Code Ann. § 12.42 (d) (Vernon Supp. 2002) provides:

 If it be shown on the trial of a felony offense other than a state jail felony
punishable under Section 12.35 (a) that the defendant has previously been
finally convicted of two felony offenses, and the second previous felony
conviction is for an offense that occurred subsequent to the first previous
conviction having become final, on conviction he shall be punished by
imprisonment in the institutional division of the Texas Department Criminal
Justice for life, or for any term of not more than 99 years or less than 25 years. 


 As stated, Appellant contends that the sentencing is void because the court did not
pronounce the habitualization allegations to be true. Appellant reasons that this negated the
habitualization allegations thereby causing a void sentence in that Appellant received fifty
year sentences on second degree felonies which provide for only a twenty year maximum
term. Tex. Penal Code Ann. § 12.33 (Vernon 1994). Appellant cites Turk v. State, 867
S.W.2d 883 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) in support of his contention. 
In Turk, the defendant was convicted on one court of aggravated robbery and one count of
burglary. Each count was enhanced by allegations of two prior felony convictions. At the
punishment stage of trial, Turk entered a plea of not true to the first enhancement and true
to the second. The court did not receive further evidence because the fingerprint expert was
not available and a presentence report was requested. Two days later the court continued the
sentencing hearing was held with another judge presiding. That judge made the assumption
that the enhancement allegations had been properly proven and no further evidence regarding
the enhancement proceedings was presented. Turk was sentenced to fifty years'
imprisonment on each count and the judgment reflected a finding of true on all of the
enhancement allegations. Id. at 884, 887. At a special hearing to determine the
circumstances surrounding the enhancement allegations both judges testified that they failed
to make a finding of true to the enhancement allegations. The second judge indicated that
both of the fifty year sentences were supported by the circumstances of the offenses
notwithstanding the lack of the enhancement allegations as both offenses were first degree
felonies which would support the fifty year sentences. Id. at 887-88. 

 The Court of Appeals held that it could not assume that the court would automatically
assess another fifty year sentence and the cases were remanded for a new punishment
hearing. Id. at 888. We do not find this case to be dispositive of the case before us. In Turk,
there was a total failure of proof regarding the enhancement allegations. In the present case,
Appellant pleaded true to the allegations. Further, he stipulated to their veracity and he was
correctly admonished with regard to the consequences of pleading true. When the court
assesses punishment, the court does not err by failing to pronounce its findings that the
habitualization paragraphs are true. Garner v. State, 858 S.W.2d 656, 660 (Tex. App.--Fort
Worth 1993, pet. ref'd). We find that the court implicitly found the habitualization
allegations to be true. 

 However, Appellant maintains that the judgment cannot be reformed to reflect
findings of true regarding the habitualization allegations. An appellate court may modify an
incorrect judgment when it is necessary to accurately reflect the outcome of the trial court
proceedings and the necessary information is available to do so. When a court of appeals has
the necessary data and evidence before it for reformation, an erroneous judgment may be
reformed on appeal. Baxter v. State, 936 S.W.2d 469, 473 (Tex. App.--Fort Worth 1996),
pet. dism'd, improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998); Bigley v. State,
865 S.W.2d 26, 27 (Tex. Crim. App. 1993); Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim.
App. 1986). However, Appellant maintains that modifying the judgment to reflect a finding
of true would not be a modification of the judgment; rather, it would effectuate a whole new
finding of fact. Appellant cites Collier v. State, 999 S.W.2d 779 (Tex. Crim. App. 1999) in
support of his contention. In Collier, the Court of Criminal Appeals held that a court of
appeals may reform the judgment of conviction to reflect a conviction for a lesser included
offense only if the reviewing court finds that the evidence is insufficient to support
conviction on the charged offense, but it substantiates a conviction upon the lesser included
offense. Further, it must also be apparent that either the jury was instructed upon the lesser
included offense or one of the parties asked for but was denied such an instruction. Id. at
782. As no such instruction was given or requested, there was no authority for an appeals
court to reform the judgment of conviction to reflect conviction of a lesser included offense. 
Id. at 782-83. Appellant likens the situation in the present case to the situation in Collier. 
Also, Appellant refers to the following statement in Judge Keasler's concurring opinion in
Collier:

 We have not previously considered this language as it exists in Rule 43.2, but
we have considered former Art. 44.24(b). In Milczanowski v. State, we held
that "reformation of judgment and sentence [under Art. 44.24(b) ] may be done
only to cause those instruments to reflect the true finding of the fact finder
when such a finding is reflected in the verdict or, in a bench trial, the
pronouncement of the court's finding." 


 Id. at 783. 


 Finally, Appellant cites Tooke, 642 S.W.2d at 514. The trial court sentenced Tooke
to confinement for not less than five years nor more than fifty years. Tooke accepted the
sentence. The trial court, realizing that it had failed to consider the enhancement paragraph
in the indictment, then resentenced Tooke to confinement for not less than fifteen years nor
more than fifty years. Id. at 516. The court of appeals concluded that, after sentence was
first imposed upon Tooke, the trial court was without power to set aside that sentence and
order a new sentence. Id. at 518. All these cases concern matters that either the trial court
failed to consider or were not before the factfinder. Further, we have found that the trial
court impliedly pronounced a finding of true with regard to the habitualization allegations. 
We find that we have the necessary information before us to reform the erroneous judgment
of conviction. Accordingly, we reform the judgment to reflect that in count one, Appellant
was convicted of burglary of habitation-a second degree felony, and Appellant pleaded true
to the habitualization allegations. Further, we reform the judgment to reflect that in count
two, Appellant was convicted of burglary of habitation - a first degree felony, and Appellant
pleaded true to the habitualization allegations. We overrule Issue No. Two in its entirety.

 Having considered each of Appellant's issues on review, we reverse and remand count
three of the indictment with instructions to the trial court to enter an order of acquittal. We
affirm, as reformed, the trial court's judgment in counts one and two of the indictment.

October 9, 2003


 

 

 
 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.