Richard Lee TURK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01180–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1993.

Rehearing Denied Jan. 6, 1994.

Winston E. Cochran, Jr., Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Connie Spence, Houston, for appellee.

Before HUTSON–DUNN, ANDELL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Richard Lee Turk, guilty of aggravated robbery, as charged in count one of the indictment, and burglary of a habitation with intent to commit theft, as charged in count two. He pleaded "not true" to the first enhancement paragraph alleged in each count, and "true" to the second enhancement paragraph alleged in each count. The judgment and sentence in each count recites a finding of true on each of the enhancement paragraphs. The court assessed punishment on each count at 50–years confinement, to run concurrently.

In his first two points of error, appellant argues the evidence was insufficient to sustain either the conviction in count one for aggravated robbery or the conviction in count two for burglary of a habitation. In his next four points of error, appellant argues that both convictions must be reversed because no *Geesa* instruction[1] defining reasonable doubt was given, and that the failure of trial counsel to request a *Geesa* instruction constituted ineffective assistance of counsel, in violation of his federal and state constitutional rights. In his final point of error, appellant argues that both counts must be remanded for a new punishment hearing because no fact finder found the enhancement allegations to be true. We affirm both counts as to the determinations of guilt, but remand both counts to the trial court for a new punishment hearing and assessment of punishment.

At approximately 12:30 a.m. on August 2, 1991, 81 year-old Annie Sue Merriweather, the complainant, and her 53 year-old son, Thomas Varner, were awakened by a noise inside their home at 3329 Terminal in Houston. The complainant got out of bed and went to the door between her bedroom and the living room, where she saw appellant in

---

1. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991).

the corner behind the door. The complainant knew appellant "real well" because she knew his family and at one time he worked in her yard.

Upon recognizing appellant, the complainant said, "Richard Lee, what are you doing in my house? Get out of here." As appellant came out from behind the door, the complainant began hitting him with her fists. Appellant then pushed her backwards into the bedroom until she fell on the floor. Appellant got on top of the complainant, grabbed her arm, and twisted it. The complainant told appellant he was hurting her arm. She testified that she believed he was trying to break her arm. Later, she discovered "a bad bruise" on her arm.

While appellant was on top of the complainant, she yelled for assistance from her son, Thomas, who came in and grabbed appellant. Appellant pulled away from Thomas, grabbed the complainant's purse, and ran out the back door. As appellant fled from the house, the complainant fired her handgun at him.

### Sufficiency of evidence

#### Aggravated robbery

In his first point of error, appellant argues that the evidence was insufficient to sustain the conviction in count one for aggravated robbery because the evidence fails to establish beyond a reasonable doubt that appellant caused bodily injury to the complainant "by knocking her to the floor," as alleged in the indictment and set out in the jury charge.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989). This Court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes

that evidence, we are not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.; Glass v. State,* 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.). The jury, as trier of fact, is the sole judge of the credibility of witnesses, *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988), and may believe or disbelieve all or any part of a witness's testimony. *Sharp,* 707 S.W.2d at 614; *Smith v. State,* 789 S.W.2d 419, 420 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). A jury may believe a witness even though his testimony is contradicted. *Sharp,* 707 S.W.2d at 614.

Count one of the indictment alleged that on or about August 2, 1991, appellant:

> while in the course of committing theft of property owned by ANNIE MERRIWEATHER and with intent to obtain and maintain control of the property, [did] intentionally and knowingly *cause bodily injury* to ANNIE MERRIWEATHER, a person at least sixty-five years of age, *by knocking her to the floor.*

(Emphasis added.) The trial court's charge to the jury provided:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 2nd day of August, 1991, in Harris County, Texas, the defendant, Richard Lee Turk, did then and there unlawfully while in the course of committing theft of property owned by Annie Merriweather, and with intent to obtain or maintain control of the property, intentionally or knowingly *cause bodily injury* to Annie Merriweather, a person at least sixty-five years of age, *by knocking her to the floor,* then you will find the defendant guilty of aggravated robbery, as charged in count one of the indictment.

(Emphasis added.) Appellant complains that the State failed to prove beyond a reasonable doubt that appellant caused bodily injury to the complainant by knocking her to the floor.

To decide whether the evidence was sufficient to support appellant's convic-

tion, we must determine if the State proved the allegations in the indictment as set forth in the jury charge. *Warren v. State,* 810 S.W.2d 202, 208 (Tex.Crim.App.1991); *Toliver v. State,* 828 S.W.2d 286, 288 (Tex.App.— Houston [1st Dist.] 1992, pet. ref'd). An appellate court must "look to the charge to determine whether the part at issue is one which authorizes a conviction." *Arceneaux v. State,* 803 S.W.2d 267, 271 (Tex.Crim.App. 1990); *Toliver,* 828 S.W.2d at 288. If the part at issue is one which authorizes a conviction, then the portion of the charge at issue is not surplusage, and the State must prove the unnecessary allegations. *Arceneaux,* 803 S.W.2d at 271; *Toliver,* 828 S.W.2d at 288.

■ It was not necessary for the State to describe *how* appellant caused bodily injury. Section 29.03 of the Texas Penal Code provides that a person commits aggravated robbery if:

> he *commits robbery* as defined in Section 29.02 of this code, *and* he:
>
> (3) *causes bodily injury to another person* or threatens or places another person in fear of imminent bodily injury or death, *if the other person is:*
>
> (A) *65 years of age or older.*

(emphasis added); Tex.Penal Code Ann. § 29.03(a)(3)(A) (Vernon Supp.1993). The words "knocking her to the floor," were unnecessary. *Toliver,* 828 S.W.2d at 288. However, once these words became part of the jury charge authorizing the conviction, the State assumed the burden of proving that appellant caused bodily injury *by knocking her to the floor. Arceneaux,* 803 S.W.2d at 271; *Toliver,* 828 S.W.2d at 288.

■ To support his argument, appellant directs us to complainant's testimony that she fell down or was pushed down, not that she was knocked down. Complainant testified that while she was moving backwards, appellant pushed her to the floor. We find that pushing an 81–year–old woman backwards with sufficient force for her to fall to the floor constitutes "knocking her to the floor," for purposes of the conviction.

■ Appellant also argues that the complainant did not testify that she was injured by the fall, but instead her testimony suggested her injury occurred because appellant twisted her arm. The record is silent about the complainant's injuries resulting specifically from the fall. The most detailed testimony concerning the complainant's injuries was between the prosecutor and the complainant.

Q: Now, Mrs. Merriweather, when you fell and Richard Lee got on top of you, did he do anything to you?

A: He tried to break my arm.

Q: How did he do that?

A: Caught it down here, twisted up like that (indicating).

Q: Did that hurt?

A: Yes, it hurt. I told him, I said, "Richard Lee, you hurting my arm."

Q: Did you suffer any type of bruising or injury?

A: Yeah, I had a bad bruise on it.

The fact finder could infer from the evidence that the complainant's bodily injury resulted in part from appellant's act of knocking her to the floor. The complainant did not state that she sustained injury *only* as a result of appellant twisting her arm when he got on top of her after he knocked her down. Viewing the evidence in the light most favorable to the verdict, a rational jury could have concluded that the complainant's "bruising or injury" was caused both by being knocked to the floor and by having her arm twisted as she lay there.

We find the evidence sufficient to affirm appellant's conviction for aggravated robbery. We overrule point of error one.

### Burglary

In his second point of error, appellant argues that the evidence was insufficient to sustain the conviction in count two for burglary of a habitation with intent to commit theft. To support his argument, appellant

points to the jury charge that "you must be satisfied from the evidence beyond a reasonable doubt that the *entry,* if any, in the habitation was so made with the *intent to commit that specific crime of theft."*

Appellant bases his argument on: (1) the Merriweathers being people of modest means; (2) the entry occurring while two people were in the house; (3) appellant's knowledge that complainant had a gun; (4) appellant's familiarity with the family; (5) appellant's seemingly spur-of-the-moment decision to steal the purse; and (6) appellant's act of pushing complainant down and getting on top of her as indicative of a sexual intent rather than a larcenous intent.

■■■■ In a burglary prosecution, specific intent to steal or commit theft may by inferred from the circumstances. *Moreno v. State,* 702 S.W.2d 636, 641 (Tex.Crim.App. 1986). Intent may be inferred from the defendant's conduct and surrounding circumstances. *Linder v. State,* 828 S.W.2d 290, 294 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We believe the following evidence was sufficient to infer intent to commit theft:

1. Appellant entered the complainant's home at night; see *Pennock v. State,* 725 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

2. Appellant knew that the complainant received her social security check on August 1, 1993.

3. Appellant forcibly entered the complainant's home.

4. Appellant completed the theft of the complainant's purse.

By viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that from these circumstances, appellant had an intent to commit theft when he entered the complainant's home.

We overrule point of error two and affirm appellant's conviction of burglary of a habitation with intent to commit theft.

## *Geesa* instruction

In his next four points of error, appellant argues that both convictions must be reversed because no *Geesa* instruction was given, and the failure of trial counsel to request a *Geesa* instruction constituted ineffective assistance of counsel, in violation of his federal and state constitutional rights.

Appellant concedes that these complaints were made moot by the State's supplementation of the transcript with a certified copy of the jury charge, including the missing page. The missing page contains the proper *Geesa* instruction. We find the trial court properly charged the jury on the definition of reasonable doubt.

We overrule appellant's points of error three, four, five, and six.

## Enhancement allegations

■■ In his final point of error, appellant argues that both counts must be remanded for a new punishment hearing because, although the judgment and sentence in each count recites a finding of true to each of the enhancement paragraph, no fact finder ever found the enhancement paragraphs true.

On June 18, 1992, before Judge Jimmy James, appellant entered a plea of not true to the first enhancement paragraph for each count, and a plea of true to the second enhancement paragraph for each count. The trial court did not receive further evidence because the sheriff's deputy was not present to testify about fingerprints. The court then delayed the hearing because appellant requested a presentence investigation report.

On November 20, 1992, Judge George Godwin continued the sentencing proceedings. Judge Godwin assumed that the enhancement allegations had been properly presented, and the prosecutor did not attempt to correct his assumption.

At a special hearing to determine the circumstances surrounding the enhancement allegations, Judge James and Judge Godwin each testified that they failed to make a finding of true to the enhancement allega-

tions. Appellant argues that we should remand the cause for a new punishment hearing. He correctly states that TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993) is applicable only when the State proves the prior felony convictions on which its enhanced punishment range is based.

The State argues that this Court should reform the judgments and sentences to reflect no findings on the enhancement allegations, and assess appellant's punishment at 50–years confinement on each count because that punishment, already assessed by the trial court, is within the applicable statutory range for each offense. Further, the State argues that Judge Godwin indicated that both of the 50–year sentences were supported by the offenses, without reliance upon any enhancement allegations. At the special hearing to determine the circumstances surrounding the enhancement allegations, Judge Godwin stated, "I will say for the record, and it will stand where it is, the defendant deserved every bit of the 50 years he got without one enhancement or two."

We agree with appellant. We cannot assume that the trial court automatically would assess another 50–year punishment. We sustain point of error seven.

We affirm the convictions for aggravated robbery and burglary of a habitation with intent to commit theft, and we remand both counts to the trial court for a new hearing on punishment only.

ANDELL, Justice, dissenting.

I dissent from the majority's overruling of point of error one. I join the majority in the remainder of its opinion.

I would sustain point of error one and hold that the evidence was insufficient to sustain the conviction in count one for aggravated robbery because the State failed to establish beyond a reasonable doubt that complainant's bodily injury occurred "by knocking her to the floor," as alleged in the indictment and contained in the jury charge. Accordingly, I would reverse appellant's conviction for aggravated robbery and acquit.

Count one of the indictment alleged that on or about August 2, 1991, appellant did,

> while in the course of committing theft of property owned by ANNIE MERRIWEATHER and with intent to obtain and maintain control of the property, intentionally and knowingly *cause bodily injury* to ANNIE MERRIWEATHER, a person at least sixty-five years of age, *by knocking her to the floor.*

(Emphasis added.) The trial court's charge to the jury provided:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 2nd day of August, 1991, in Harris County, Texas, the defendant, Richard Lee Turk, did then and there unlawfully while in the course of committing theft of property owned by Annie Merriweather, and with intent to obtain or maintain control of the property, intentionally or knowingly *cause bodily injury* to Annie Merriweather, a person at least sixty-five years of age, *by knocking her to the floor,* then you will find the defendant guilty of aggravated robbery, as charged in count one of the indictment.

(Emphasis added.) Appellant complains that the State failed to prove beyond a reasonable doubt that appellant caused bodily injury to complainant by knocking her to the floor. I agree.

The majority accurately sets forth the proper standard to decide whether the evidence was sufficient to support appellant's conviction.

> [W]e must determine if the State proved the allegations in the indictment as set forth in the jury charge. An appellate court must "look to the charge to determine whether the part at issue is one which authorizes a conviction." If the part at issue is one which authorizes a conviction, then the portion of the charge at issue is not surplusage, and the State must prove the unnecessary allegations.

(Op. at 886) (citations omitted).

Further, the majority accurately points out that "[i]t was not necessary for the State to

describe *how* appellant caused bodily injury." Pursuant to the TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1993), "knocking her to the floor," was unnecessary. *Toliver,* 828 S.W.2d at 288. Consistent with the Texas Court of Criminal Appeals and with this Court, once these words became part of the jury charge authorizing the conviction, the State assumed the burden of proving that appellant caused bodily injury *by knocking her to the floor. Arceneaux,* 803 S.W.2d at 271; *Toliver,* 828 S.W.2d at 288.

The majority then concludes that:

The fact finder could infer from the evidence that the complainant's bodily injury resulted in part from appellant's act of knocking her to the floor. The complainant did not state that she sustained injury *only* as a result of appellant twisting her arm when he got on top of her after he knocked her down. Viewing the evidence in the light most favorable to the verdict, a rational jury could have concluded that the complainant's "bruising or injury" was caused both by being knocked to the floor and by having her arm twisted as she lay there.

Op. at 886 (emphasis in original).

The majority, however, then fails to apply the evidence to the properly stated standard. The majority uses what the complainant *did not state* to infer *beyond a reasonable doubt* that an injury was caused by appellant knocking her to the floor. Such inferences cannot be made from the *absence* of evidence. I agree that such an inference can represent *some evidence. Some evidence,* however, is insufficient to sustain a criminal conviction.

Complainant did not testify that she was injured by the fall, but instead her testimony suggested her injury occurred because appellant twisted her arm. The record is silent about complainant's injuries *resulting from the fall.* The most detailed testimony concerning complainant's injuries was between the prosecutor and the complainant.

Q: Now, Mrs. Merriweather, when you fell and Richard Lee got on top of you, did he do anything to you?

A: He tried to break my arm.

Q: How did he do that?

A: Caught it down here, twisted up like that (indicating).

Q: Did that hurt?

A: Yes, it hurt. I told him, I said, "Richard Lee, you hurting my arm."

Q: Did you suffer any type of bruising or injury?

A: Yeah, I had a bad bruise on it.

The State assumed the burden of proving beyond a reasonable doubt that appellant *caused bodily injury by knocking her to the floor. Arceneaux,* 803 S.W.2d at 271; *Toliver,* 828 S.W.2d at 288. Even by viewing the evidence in the light most favorable to the verdict, a rational trier of fact could not have found *beyond a reasonable doubt* that complainant's injury was caused by appellant knocking her to the floor. Complainant's response about her injuries was predicated upon inquiries about appellant twisting and hurting her arm. This occurred after appellant knocked her on the floor. Complainant was never asked whether she was injured by falling on the floor. We cannot infer from the stated testimony, or from the lack thereof, that the State met the burden *it assumed by choosing* to include the words, "by knocking her to the floor" in the indictment.