NO. 07-03-0197-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 13, 2003



______________________________




IN RE ADAM LOPEZ, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 By this original proceeding, relator Adam Lopez, an inmate proceeding pro se and
in forma pauperis, seeks a writ of mandamus to compel the Honorable J. Blair Cherry, Jr.,
judge of the 72nd District Court, to act on his petition for expunction of records. Under
applicable principles of law, relator's request for writ of mandamus must be denied.

 On June 30, 2000, pursuant to the State's motion, the trial court dismissed cause
number 98-428290, a charge of escape while under arrest and confined in the Lubbock
County Jail, in exchange for relator's guilty plea in cause number 98-427108. Thereafter
on June 19, 2002, relator filed a verified petition to have all records concerning the
dismissed cause expunged. By his petition, relator also requested that the matter be set
for hearing. 

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus will
issue only to correct a clear abuse of discretion or the violation of a duty imposed by law
when there is no adequate remedy at law available. Republican Party v. Dietz, 940
S.W.2d 86, 88 (Tex. 1997). The three requisites to a mandamus are (1) a legal duty to
perform a nondiscretionary act; (2) a demand for performance; and (3) a refusal to act. 
Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). 

 When a motion is properly filed and pending before a trial court, the act of
considering and ruling upon that motion is a ministerial act. Barnes v. State, 832 S.W.2d
424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding), citing Eli Lilly and Co. v.
Marshall, 829 S.W.2d 157 (Tex. 1992) (orig. proceeding); see also Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding). Also, the
trial court has a reasonable time within which to act taking into consideration its docket and
other judicial and administrative matters. In re Bates, 65 S.W.3d 133, 134
(Tex.App.-Amarillo 2001, orig. proceeding). The party requesting mandamus relief has
the burden to provide us with a record sufficient to establish his right to extraordinary relief. 
Walker, 827 S.W.2d at 837; Ex parte Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001,
orig. proceeding). 

 Filed with his petition relator included a certified copy of the trial court's order
dismissing cause number 98-428290 and a copy of his petition for expunction of records
file-stamped June 19, 2002, in which he requested a hearing be set. Thus, relator has
demonstrated that the trial court has a legal duty to act on a properly filed document and
that almost one year has lapsed since the document was filed. However, to be entitled to
mandamus relief, relator must also show that the petition for expunction was brought to the
attention of the trial court and that it refused to act. See In re Villarreal, 96 S.W.3d 708,
710 (Tex.App.-Amarillo 2003, orig. proceeding). The limited record before us does not
establish that the trial court was aware of relator's petition and that it refused to act. Thus,
relator has not shown himself entitled to extraordinary relief.

 Accordingly, relator's request for writ of mandamus is denied.

 Don H. Reavis

 Justice

 
1. Tex. R. App. P. 47.2(a).



ve finding of the enhancement provision that appellant had possession
of a controlled substance with intent to deliver within a drug free zone. (1) We agree.

 As an appellate court reviewing a challenge to the legal sufficiency of the evidence,
we consider all the record evidence in the light most favorable to the decision of the trier
of fact. We are to determine if any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt based upon such record evidence. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); King
v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).

 The gravamen of the offense for which appellant pled guilty, possession with the
intent to deliver a controlled substance, is the delivery of the controlled substance, not
simply the possession of the controlled substance. See Lopez v. State, 108 S.W.3d 293,
300 (Tex.Crim.App. 2003). The method in which appellant was charged, i.e., possession
with intent to deliver, is simply one of several means by which appellant could be held
responsible for the distribution of the controlled substance into the community. See id. 
The Legislature's intent was to allow the prosecution of drug deliveries regardless of where
along the "continuum" of the delivery of the drugs a person is apprehended. (2) See id. at
297, 300. Thus, although the State's and appellant's briefs focus on the period of
appellant's possession of the controlled substance or appellant's constructive possession,
we must also consider where the delivery of the cocaine was completed, and hence, where
the intent to deliver ended.

 To deliver a controlled substance means to transfer, actually or constructively, to
another a controlled substance, regardless of whether there is an agency relationship. Tex.
Health & Safety Code Ann. § 481.002(8) (Vernon 2003). In this case, the State chose to
indict appellant for possession with the intent to deliver. (3) Therefore, we will focus on the
portion of the transaction where appellant drove outside of the drug free zone to gain
possession of the cocaine and whether appellant then intended to deliver the cocaine back
into the drug free zone. At the time of the transaction, appellant could have either assumed
Whittenburg was buying the cocaine for himself, for Marez, or for both of them. Therefore,
to analyze appellant's intent, will must review the facts to determine to whom appellant
intended to deliver the cocaine.

 In cases where the State attempts to obtain a conviction by alleging delivery through
an intermediary, the accused must have contemplated that his initial transfer would not be
the final transaction in the chain of distribution. See Sims v. State, 117 S.W.3d 267, 276
(Tex.Crim.App. 2003)(citing Daniels v. State, 754 S.W.2d 214, 221 (Tex.Crim.App. 1988)). 
However, appellant need not know the identity or be acquainted with the ultimate recipient,
but only that the intermediary was not the ultimate recipient. Id. Further, if appellant knew
that the informant was not the ultimate recipient, we must determine whether the informant
was acting as an agent for Marez or appellant. See Marable v. State, 85 at 291 ("An
intermediary's relationship to a defendant-seller and an undercover officer-buyer is
significant because it affects legal sufficiency of evidence."). If an informant is an agent of
an undercover officer-buyer, then the seller completes an actual delivery when possession
is given to the informant. Id. However, if the informant is acting as an agent for the seller,
then the delivery is not complete until the informant transfers the cocaine to the undercover
officer-buyer. See id. Therefore, to determine the legal sufficiency of the evidence
supporting an affirmative finding of possession with intent to deliver into a drug free zone,
we must determine whether (1) appellant had the intent to deliver cocaine to the informant
or to the undercover officer; and (2) if the informant was acting as an intermediary instead
of as the ultimate recipient, whether the informant was an agent for the undercover officer
or appellant.

 It is undisputed that Whittenburg was the only person to accompany appellant and
his accomplice to the second location. Also undisputed is that the cocaine was obtained
at the second location and given to Whittenburg. Neither Appellant nor his associate ever
had any interaction with Marez. In addition to the undisputed evidence, Marez testified that
Whittenburg contacted him, and that Whittenburg intended to set up an introduction
between appellant and Marez. According to Whittenburg, he contacted appellant at
Marez's urging and told appellant that he would take an ounce of cocaine for $1500. 
Appellant testified that once Whittenburg took possession of the cocaine, Whittenburg
allegedly used some of the cocaine immediately. There was no evidence that either
appellant or Jalomo objected to or attempted to stop Whittenburg from using the cocaine. 
Reviewing the evidence in a light most favorable to the verdict, there is no evidence that
anyone other than Whittenburg was the ultimate recipient. Therefore, appellant's
possession with the intent to deliver ended when Whittenburg received the cocaine while
at the second location. See Marable v. State, 85 at 291. Once the actual delivery to
Whittenburg occurred, appellant no longer had the requisite intent to deliver drugs that had
already been delivered. Therefore, we conclude that if Whittenburg was the ultimate
recipient, appellant could not have had the requisite intent to deliver the cocaine into the
drug free zone.

 However, even assuming that Whittenburg was merely an agent, we will review the
evidence to determine if Whittenburg was acting as an agent for Marez or appellant. The
record shows that Whittenburg arrived at the initial location accompanied by Marez and that
appellant arrived at the scene accompanied by Jalomo. Whittenburg testified that appellant
wanted to sell him cocaine, but provided no testimony that appellant wanted Whittenburg
to find other willing buyers. In fact, when Whittenburg attempted to introduce appellant to
Marez, appellant refused to speak to Marez. Finally, appellant testified that he believed he
was helping two friends complete a transaction, and that he believed that he was an
intermediary. Thus, the evidence shows that appellant believed that he was a go-between,
or at most was dealing cocaine to Whittenburg; there is no evidence that appellant
considered Whittenburg an associate or employee or that appellant intended to
compensate Whittenburg for setting up the deal. Therefore, if Whittenburg was an agent
he could only be considered an agent for Marez. In viewing the transaction with
Whittenburg acting as Marez's agent, an actual delivery was completed once appellant
delivered the cocaine to Whittenburg. See Heberling v. State, 834 S.W.2d 350, 354
(Tex.Crim.App. 1992). Once the actual delivery had been completed, appellant no longer
possessed the requisite intent to deliver drugs.

 Under either theory discussed above, the delivery was completed outside of the drug
free zone, and appellant cannot be said to have possession with the intent to deliver after
he had already completed delivery to the ultimate transferee or to the transferee's agent. (4) 
Therefore, we conclude that a review of the evidence, viewed in the light most favorable
to the decision of the trier of fact is legally insufficient for any rational trier of fact to have
found that appellant had the requisite intent to deliver cocaine within the named drug free
zone. See Jackson, 443 U.S. at 319-20; Moreno, 755 S.W.2d at 867. We conclude that
the trial court erred in affirmatively finding that appellant had possession of a controlled
substance with intent to deliver in a drug free zone.

 Having found error during the punishment proceedings, we reverse and render a
finding of not true to the enhancement paragraph regarding the drug free zone, and remand
this case for a new punishment hearing. Tex. Code Crim. Proc. art. 44.29(b) (Vernon
2005); Turk v. State, 867 S.W.2d 883, 888 (Tex.App.-Hous. [1 Dist.] 1993, pet. ref'd) (After
an erroneous finding on an enhancement paragraph, we must remand for new trial, even
if penalty is within the appropriate punishment range because we cannot assume that the
trial court would assess the same punishment.).

 For the foregoing reasons, we reverse and render a finding of not true to the
enhancement paragraph, and remand for further punishment proceedings consistent with
this opinion. 

 Mackey K. Hancock

Justice


Do not publish. 
1. Appellant does not challenge the sufficiency of the evidence with respect to the
element of the offense of possession with the intent to deliver a controlled substance. 
Nonetheless, a plea of guilty waives all nonjurisdictional defenses including contention as
to the insufficiency of the evidence. Ex parte Williams, 703 S.W.2d 674, 682
(Tex.Crim.App. 1986). Therefore, we will review only the affirmative finding of the
enhancement provision.
2. Under Texas Health & Safety Code § 481.112(a), a person can be guilty by
knowingly (1) manufacturing, (2) offering to sell, (3) possessing with the intent to deliver,
(4) actually transferring, or (5) constructively transferring a controlled substance. Lopez,
108 S.W.3d at 297.
3. At the initial location, the record provides evidence that the parties finalized the sale
of the cocaine. Thus appellant may have been guilty of delivery by offering to sell cocaine
at that point. However, the State did not choose to pursue this means of delivery. See
generally Marable v. State, 85 S.W.3d 287, 290 n.6, 291 (Tex.Crim.App. 2002) (Cochran,
J., concurring opinion).
4. Had the record contained evidence that Whittenburg had acted as a "steerer" for
appellant, i.e., as a person soliciting business for appellant, then the delivery would not
have been completed until Whittenburg had passed the cocaine to Marez, which occurred 
in the drug free zone. See Marable, 85 S.W.3d at 291. Under this theory, appellant would
have constructively possessed the cocaine with the intent to deliver until appellant's agent
completed delivery to Marez within the drug free zone. Id.