NO. 07-04-0570-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 9, 2006
_____

JESUS G. VILLALOBOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402401; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

_____MEMORANDUM OPINION


Appellant, Jesus G. Villalobos, appeals an affirmative finding on the enhancement paragraph of his conviction for delivery of a controlled substance, contending that the evidence is insufficient to support such a finding. Appellant requests that the case be remanded for a new punishment hearing or, in the alternative, that the judgment be reformed to exclude any affirmative finding of the commission of the offense within a drug free zone. We reverse and render, and remand for a new punishment hearing.

Paul Whittenburg contacted police officer Tony Marez to notify him that appellant was willing to sell him cocaine and offered to work as a confidential informant. At Marez's request, Whittenburg then contacted appellant who agreed to sell him an ounce of cocaine for $1500. According to Whittenburg, appellant suggested that they meet at a location which happened to be within 1000 feet of a junior high school. After meeting with Whittenburg, appellant planned to go to a second location to pick up the cocaine. Whittenburg and Marez arrived at the agreed location and met with appellant and appellant's accomplice, Jaime Jalomo. When Whittenburg attempted to introduce Marez to appellant, appellant refused to deal with Marez and allowed only Whittenburg to join him in his vehicle for the trip to the second location to pick up the cocaine. Prior to leaving the first location, Whittenburg received the money from Marez and went with appellant to a second location that was outside the drug free zone. When they arrived at the second location, Whittenburg gave the money to Jalomo who then went inside the house and returned with the cocaine. Whittenburg then received the cocaine while still at the second location, outside the drug free zone. Appellant then drove Whittenburg back to the initial location where Whittenburg handed the cocaine to Marez. Appellant was later arrested for possession with the intent to deliver a controlled substance, in an amount less than 200 grams but at least four grams, in a drug free zone.

In an open plea before the court, appellant pled guilty to the commission of the offense, however pled not true to the enhancement paragraph alleging commission of the offense within a drug free zone. Appellant contends that Whittenburg gained possession at the second location and thus appellant did not have possession within the drug free

zone. Further, appellant contends that his participation in the transaction was limited to being the driver of the vehicle and facilitating the meeting between Whittenburg and Jalomo. Appellant contends he never touched the money and was not going to share in the proceeds. The State contends that appellant had constructive possession of the cocaine by virtue of his control over Whittenburg who was in his vehicle. The trial judge found appellant guilty of possession with intent to deliver within a drug free zone, a first degree felony, and sentenced him to 20 years.

By one issue, appellant contends the evidence is legally and factually insufficient to support an affirmative finding of the enhancement provision that appellant had possession of a controlled substance with intent to deliver within a drug free zone.[1] We agree.

As an appellate court reviewing a challenge to the legal sufficiency of the evidence, we consider all the record evidence in the light most favorable to the decision of the trier of fact. We are to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt based upon such record evidence. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).

---

[1]Appellant does not challenge the sufficiency of the evidence with respect to the element of the offense of possession with the intent to deliver a controlled substance. Nonetheless, a plea of guilty waives all nonjurisdictional defenses including contention as to the insufficiency of the evidence. Ex parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986). Therefore, we will review only the affirmative finding of the enhancement provision.

The gravamen of the offense for which appellant pled guilty, possession with the *intent to deliver* a controlled substance, is the delivery of the controlled substance, not simply the possession of the controlled substance. See Lopez v. State, 108 S.W.3d 293, 300 (Tex.Crim.App. 2003). The method in which appellant was charged, i.e., possession with intent to deliver, is simply one of several means by which appellant could be held responsible for the distribution of the controlled substance into the community. See id. The Legislature's intent was to allow the prosecution of drug deliveries regardless of where along the "continuum" of the delivery of the drugs a person is apprehended.[2] See id. at 297, 300. Thus, although the State's and appellant's briefs focus on the period of appellant's possession of the controlled substance or appellant's constructive possession, we must also consider where the delivery of the cocaine was completed, and hence, where the intent to deliver ended.

To deliver a controlled substance means to transfer, actually or constructively, to another a controlled substance, regardless of whether there is an agency relationship. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2003). In this case, the State chose to indict appellant for possession with the intent to deliver.[3] Therefore, we will focus on the

---

[2] Under Texas Health & Safety Code § 481.112(a), a person can be guilty by knowingly (1) manufacturing, (2) offering to sell, (3) possessing with the intent to deliver, (4) actually transferring, or (5) constructively transferring a controlled substance. Lopez, 108 S.W.3d at 297.

[3] At the initial location, the record provides evidence that the parties finalized the sale of the cocaine. Thus appellant may have been guilty of delivery by offering to sell cocaine at that point. However, the State did not choose to pursue this means of delivery. See generally Marable v. State, 85 S.W.3d 287, 290 n.6, 291 (Tex.Crim.App. 2002) (Cochran, J., concurring opinion).

portion of the transaction where appellant drove outside of the drug free zone to gain possession of the cocaine and whether appellant then intended to deliver the cocaine back into the drug free zone. At the time of the transaction, appellant could have either assumed Whittenburg was buying the cocaine for himself, for Marez, or for both of them. Therefore, to analyze appellant's intent, will must review the facts to determine to whom appellant intended to deliver the cocaine.

In cases where the State attempts to obtain a conviction by alleging delivery through an intermediary, the accused must have contemplated that his initial transfer would not be the final transaction in the chain of distribution. See Sims v. State, 117 S.W.3d 267, 276 (Tex.Crim.App. 2003)(citing Daniels v. State, 754 S.W.2d 214, 221 (Tex.Crim.App. 1988)). However, appellant need not know the identity or be acquainted with the ultimate recipient, but only that the intermediary was not the ultimate recipient. Id. Further, if appellant knew that the informant was not the ultimate recipient, we must determine whether the informant was acting as an agent for Marez or appellant. See Marable v. State, 85 at 291 ("An intermediary's relationship to a defendant-seller and an undercover officer-buyer is significant because it affects legal sufficiency of evidence."). If an informant is an agent of an undercover officer-buyer, then the seller completes an actual delivery when possession is given to the informant. Id. However, if the informant is acting as an agent for the seller, then the delivery is not complete until the informant transfers the cocaine to the undercover officer-buyer. See id. Therefore, to determine the legal sufficiency of the evidence supporting an affirmative finding of possession with intent to deliver into a drug free zone, we must determine whether (1) appellant had the intent to deliver cocaine to the informant

5

or to the undercover officer; and (2) if the informant was acting as an intermediary instead of as the ultimate recipient, whether the informant was an agent for the undercover officer or appellant.

It is undisputed that Whittenburg was the only person to accompany appellant and his accomplice to the second location. Also undisputed is that the cocaine was obtained at the second location and given to Whittenburg. Neither Appellant nor his associate ever had any interaction with Marez. In addition to the undisputed evidence, Marez testified that Whittenburg contacted him, and that Whittenburg intended to set up an introduction between appellant and Marez. According to Whittenburg, he contacted appellant at Marez's urging and told appellant that *he* would take an ounce of cocaine for $1500. Appellant testified that once Whittenburg took possession of the cocaine, Whittenburg allegedly used some of the cocaine immediately. There was no evidence that either appellant or Jalomo objected to or attempted to stop Whittenburg from using the cocaine. Reviewing the evidence in a light most favorable to the verdict, there is no evidence that anyone other than Whittenburg was the ultimate recipient. Therefore, appellant's possession with the intent to deliver ended when Whittenburg received the cocaine while at the second location. See Marable v. State, 85 at 291. Once the actual delivery to Whittenburg occurred, appellant no longer had the requisite intent to deliver drugs that had already been delivered. Therefore, we conclude that if Whittenburg was the ultimate recipient, appellant could not have had the requisite intent to deliver the cocaine into the drug free zone.

However, even assuming that Whittenburg was merely an agent, we will review the evidence to determine if Whittenburg was acting as an agent for Marez or appellant. The record shows that Whittenburg arrived at the initial location accompanied by Marez and that appellant arrived at the scene accompanied by Jalomo. Whittenburg testified that appellant wanted to sell him cocaine, but provided no testimony that appellant wanted Whittenburg to find other willing buyers. In fact, when Whittenburg attempted to introduce appellant to Marez, appellant refused to speak to Marez. Finally, appellant testified that he believed he was helping two friends complete a transaction, and that he believed that he was an intermediary. Thus, the evidence shows that appellant believed that he was a go-between, or at most was dealing cocaine to Whittenburg; there is no evidence that appellant considered Whittenburg an associate or employee or that appellant intended to compensate Whittenburg for setting up the deal. Therefore, if Whittenburg was an agent he could only be considered an agent for Marez. In viewing the transaction with Whittenburg acting as Marez's agent, an actual delivery was completed once appellant delivered the cocaine to Whittenburg. See Heberling v. State, 834 S.W.2d 350, 354 (Tex.Crim.App. 1992). Once the actual delivery had been completed, appellant no longer possessed the requisite intent to deliver drugs.

Under either theory discussed above, the delivery was completed outside of the drug free zone, and appellant cannot be said to have possession *with the intent to deliver* after he had already completed delivery to the ultimate transferee or to the transferee's agent.[4]

---

[4]Had the record contained evidence that Whittenburg had acted as a "steerer" for appellant, i.e., as a person soliciting business for appellant, then the delivery would not have been completed until Whittenburg had passed the cocaine to Marez, which occurred

7

Therefore, we conclude that a review of the evidence, viewed in the light most favorable to the decision of the trier of fact is legally insufficient for any rational trier of fact to have found that appellant had the requisite intent to deliver cocaine within the named drug free zone.  See Jackson, 443 U.S. at 319-20; Moreno, 755 S.W.2d at 867.  We conclude that the trial court erred in affirmatively finding that appellant had possession of a controlled substance with intent to deliver in a drug free zone.

Having found error during the punishment proceedings, we reverse and render a finding of not true to the enhancement paragraph regarding the drug free zone, and remand this case for a new punishment hearing.  TEX. CODE CRIM. PROC. art. 44.29(b) (Vernon 2005); Turk v. State, 867 S.W.2d 883, 888 (Tex.App.–Hous. [1 Dist.] 1993, pet. ref'd) (After an erroneous finding on an enhancement paragraph, we must remand for new trial, even if penalty is within the appropriate punishment range because we cannot assume that the trial court  would assess the same punishment.).

For the foregoing reasons, we reverse and render a finding of not true to the enhancement paragraph, and remand for further punishment proceedings consistent with this opinion.

Mackey K. Hancock
Justice

Do not publish.

---

in the drug free zone.  See Marable, 85 S.W.3d at 291.  Under this theory, appellant would have constructively possessed the cocaine with the intent to deliver until appellant's agent completed delivery to Marez within the drug free zone.  Id.