Opinion issued June 7, 2007











 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00641-CR

__________


DAVID CANALES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1056361






MEMORANDUM OPINION

 After appellant, David Canales, pleaded no contest to the offense of aggravated
sexual assault of a child (1)
 and true to the allegation in one enhancement paragraph that
he had been previously convicted of a felony, the trial court found appellant guilty of
aggravated sexual assault of a child and assessed his punishment at confinement for
fifteen years. In his sole issue, appellant contends that his "case must be remanded
for a new punishment hearing [because] the judgment reflects a finding of true but the
trial court never found the enhancement allegation of the indictment to be true." 

 We affirm.

Factual and Procedural Background


 A Harris County Grand Jury issued a true bill of indictment, accusing appellant
of the offense of aggravated sexual assault of a child as a habitual offender with two
enhancement allegations. At an initial hearing on March 21, 2006, the trial court
granted the State's motion to abandon the second enhancement paragraph. Appellant
then pleaded no contest to the offense and also pleaded true to the allegation in the
remaining enhancement paragraph that he had a prior felony conviction. The trial
court admonished appellant that "upon a finding of guilty and true," the enhancement
punishment range would be confinement for not less than fifteen years and no more
than ninety-nine years or life as well as a fine not to exceed $10,000. (2) At the
conclusion of the hearing, the trial court found that there was evidence to substantiate
appellant's guilt, but deferred "further finding" and recessed the case for purposes of
conducting a pre-sentence investigation. 

 On June 15, 2006, at a subsequent hearing, the trial court stated on the record
that it found appellant guilty of the offense of aggravated sexual assault of a child and
assessed his punishment at fifteen years confinement. Although the trial court did not
make any oral finding during the hearing regarding the enhancement allegation, the
trial court, on the same date of the hearing, signed a judgment stating that appellant
pleaded true to the allegation in the first enhancement paragraph and that the trial
court found the allegation to be true. 

Enhancement Allegation

 In his sole issue, appellant argues that his "case must be remanded for a new
punishment hearing [because] the judgment reflects a finding of true but the trial
court never found the enhancement allegation of the indictment to be true." 
Appellant asserts that the trial court "apparently sentenced [him] according to an
enhanced punishment range without ever making any finding that the prior conviction
that was alleged for enhancement was true." 

 "When the trial court alone assesses a defendant's punishment, the court is not
required to read [] the enhancement paragraphs or the findings to the defendant." 
Seeker v. State, 186 S.W.3d 36, 39 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd).
Although it is the better practice for trial courts to orally read the enhancement
allegations and find them to be true or not true on the record, a trial court does not
necessarily err by failing to do so. See id.; Garner v. State, 858 S.W.2d 656, 659
(Tex. App.--Fort Worth 1993, pet. ref'd); see also Meineke v. State, 171 S.W.3d 551,
557 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd) (stating that trial court's
failure to announce enhancement findings prior to sentencing is "not error so long as
it appears from the record that the court found the enhancements 'true' and entered
the sentence accordingly"). 

 In support of his argument, appellant relies on Turk v. State, 867 S.W.2d 883
(Tex. App.--Houston [1st Dist.] 1993, pet. ref'd). In Turk, the defendant pleaded not
true to the first enhancement allegation and a plea of true to the second enhancement
allegation. Id. at 887. After the defendant entered his pleas, the trial court did not
receive further evidence regarding the enhancement allegations because the sheriff's
deputy was not present to testify, and the court delayed the hearing because the
defendant requested a presentence investigation report. Id. In a subsequent hearing,
a different judge continued the sentencing proceedings, assuming that the
enhancement allegations had been properly presented. Id. The State did not attempt
to correct his assumption. Id. Although the written judgment in Turk contained
findings of true on the enhancement allegations, the trial judge testified during a
special hearing that he, in fact, had not found the enhancement allegations to be true. 
Id. at 887-88. Thus, even though the sentence assessed was within the statutory
range, we remanded the case for a new punishment hearing on the basis that we could
not assume that the trial court automatically would assess the same sentence. Id. at
888. We did not hold in Turk that a finding of true of an enhancement allegation in
a judgment is insufficient or that, in circumstances like those presented in this case,
a finding of true must be made orally on the record.

 Here, appellant pleaded true to the enhancement allegation that he had a prior
felony conviction, and the trial court, which assessed appellant's punishment,
admonished appellant on the applicable enhanced punishment range. In its written
judgment, the trial court found the allegation to be true, and the trial court assessed
punishment within the applicable range. See Garner, 858 S.W.2d at 659-60 (noting
that without finding on enhancement allegations, maximum punishment trial court
could have assessed would have been less than amount actually enhanced). 
Accordingly, we hold that the trial court did not err in not orally pronouncing its
finding of true of the enhancement allegation. Consequently, we need not remand for
a new punishment hearing. 

 We overrule appellant's sole issue.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006).

2. There is no indication in the record that the trial court separately admonished
appellant regarding the non-enhanced penalty range.