Affirmed and Memorandum Opinion
filed December 14, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00467-CR



Gabriel Garcia, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 434th District Court

Fort Bend County, Texas

Trial Court
Cause No. 46891A



 

MEMORANDUM OPINION 

Appellant Gabriel Garcia appeals his conviction for
possession of cocaine with intent to deliver, claiming that the testimony of a
confidential informant was not sufficiently corroborated by evidence and that
the evidence is legally insufficient to support a finding of “true” that the
alleged narcotics transaction occurred in a drug-free zone for enhancement
purposes.  We affirm.  

Factual and Procedural
Background

Appellant was charged by indictment with the offense
of possession of cocaine, amounting to more than one gram but less than four
grams, with the intent to deliver.  The State alleged in the indictment that
the offense occurred in a drug-free zone and included two enhancement
paragraphs relating to two prior felony convictions.  

Appellant pleaded “not guilty” and waived his right
to a jury trial.  At the bench trial, three witnesses testified: (1) Officer Wade,
the officer who organized the narcotics transaction between appellant and a
confidential informant, (2) Michael Cortez, the confidential informant who was
working with law enforcement officers, and (3) forensic scientist Andrew
Gardiner.  Officer Wade described meeting with Cortez before and after the
transaction.  Although Officer Wade was not present during the transaction
between Cortez and appellant, he captured the transaction on an audiovisual
recording device that Cortez wore.  In his testimony, Cortez described the
transaction in which he claimed to have purchased cocaine from appellant. 
Gardiner confirmed in his testimony that the substance recovered from Cortez contained
cocaine.

The trial court found appellant guilty of the charged
offense.  The trial court sentenced appellant to thirteen years’ confinement.

Issues and Analysis

A.        Is the evidence sufficient to corroborate the confidential
informant’s testimony?

In his first issue, appellant claims that the
evidence is insufficient to corroborate Cortez’s testimony.  Article 38.141 of
the Texas Code of Criminal Procedure, entitled “Testimony of Undercover Peace
Officer or Special Investigator,” provides:

(a) A defendant may not be convicted of an offense under Chapter 481,
Health and Safety Code, on the testimony of a person who is not a licensed
peace officer or a special investigator but who is acting covertly on behalf of
a law enforcement agency or under the color of law enforcement unless the
testimony is corroborated by other evidence tending to connect the defendant
with the offense committed.

(b) Corroboration is not sufficient for purposes of this article if the
corroboration only shows commission of the offense.

Tex. Code
Crim. Proc. Ann. art. 38.141(a), (b) (West 2005).  Traditional standards
of review for the sufficiency of evidence are not applicable to a review of
covert witness testimony under article 38.141.  See id.; Cathey v.
State, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999).  We review a claim
challenging the sufficiency of evidence to corroborate the testimony of a
covert witness under the same statutorily required standard that is applied to
a challenge of the testimony of an accomplice.  See Tex. Code Crim. Proc. Ann. art.
38.141(a), (b); Malone v. State, 253 S.W.3d 253, 257 (Tex. Crim. App.
2008); see also Tex. Code Crim.
Proc. Ann. art. 38.14 (pertaining to corroboration required of
accomplice witness).  Under this standard, a reviewing court must exclude the
testimony of a covert witness from consideration when weighing the sufficiency
of corroborating evidence under article 38.141(a) and examine the remaining
evidence to determine whether the evidence “tends to connect” the defendant to
the commission of the offense.  Malone, 253 S.W.3d at 258; see Tex. Code Crim. Proc. Ann. art.
38.141(a).  

In reviewing the specific facts of each case to
determine whether evidence is sufficient to corroborate covert witness
testimony, even insignificant circumstances may satisfy the tends-to-connect
standard.  See Cantelon v. State, 85 S.W.3d 457, 461 (Tex. App.—Austin
2002, no pet.).  Evidence is insufficient if it shows merely that an accused
was present during the commission of the offense.  McAfee v. State, 204
S.W.3d 868, 872 (Tex. App.—Corpus Christi 2006, pet. ref’d).  Rather, the
corroborating evidence must provide “suspicious circumstances” in addition to
“mere presence” at the scene of the offense to rebut the premise that an
accused’s presence at the scene of an offense was “innocent coincidence.”  Id. 
There must be “some evidence which tends to connect the
accused of the commission of the offense.”  Hernandez v. State, 939
S.W.2d 173, 178–79 (Tex. Crim. App. 1997).  Although evidence that tends to
connect an accused to an offense may not be sufficient for a conviction, the evidence
need not rise to such a high threshold for purposes of corroboration under the
prevailing standard.  See Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim.
App. 1994).

Absent the testimony of Cortez, the confidential
informant, the remaining evidence establishes the following: 

·       
Officer Wade was conducting an investigation of narcotics
trafficking at a specific, known address that he identified on the record.

·       
Officer Wade knew appellant lived at that address.

·       
Cortez was a willing and cooperative informant acting under
Officer Wade’s direction.

·       
Officer Wade provided currency to Cortez for the anticipated
narcotics transaction.

·       
Officer Wade searched Cortez and Cortez’s vehicle prior to
Cortez’s meeting with appellant, finding no contraband and no KOOL cigarette
package.

·       
Officer Wade fitted Cortez with an audiovisual recording device
before Cortez met with appellant.

·       
Officer Wade was able to listen to the transaction as it occurred
and then review a video recording of the transaction later.

·       
Officer Wade would have been able to discern any tampering with the
recording device.

·       
The recording depicts a person driving in a vehicle and arriving
at a residence and talking briefly with an individual who exited the residence.

·       
The recording captures the driver of the vehicle directing the individual
to “put it back in there; I can’t touch it.” 

·       
The recording captures the driver stating he was “fixing to have
me some fun” as he then waved a KOOL cigarette package in front of the camera.

·       
Officer Wade estimated that Cortez was gone approximately ten
minutes “give or take,” although he claimed that Cortez appeared to go directly
to appellant’s residence and returned right away, as reflected in the video
recording.

·       
Upon Cortez’s return, Officer Wade recovered from Cortez a
substance appearing to be crack cocaine contained inside a KOOL cigarette
package after Cortez met with appellant.

·       
Officer Wade testified that the audiovisual recording was
consistent with how Cortez described the transaction to him.

·       
Officer Wade conducted a photo line-up after the transaction, in
which Cortez identified appellant as the person involved in the transaction.

·       
Gardiner testified that the substance recovered from the
cigarette package contained cocaine.

Appellant points out that Officer Wade did not
directly see the narcotics transaction and that the recording does not depict
the actual exchange of cocaine for money.  Corroborating evidence under article
38.141 need not directly link the accused to the commission of the offense.  See
Tex. Code Crim. Proc. Ann.
art 38.141; Gill, 873 S.W.2d at 48; Malone, 253 S.W.3d at 259
(involving a tape recording that sufficiently corroborated covert agent’s
testimony).

The recording depicts appellant’s participation in a
transaction that Officer Wade testified to orchestrating and monitoring.  See
Malone, 253 S.W.3d at 259 (concluding tape recording was important
corroborating evidence); McAfee, 204 S.W.2d at 872.  The sequence
of events, as narrated by Officer Wade—that he searched Cortez and his vehicle
prior to the transaction, finding no contraband and no KOOL cigarette package
and subsequently recovered contraband from Cortez from within a KOOL cigarette
package after his meeting with appellant—further tends to connect appellant to the
commission of the offense.  See Malone 253 S.W.3d at 258.  Although each
of the circumstances, when taken alone, might not be sufficient to corroborate
Cortez’s testimony, the weight of all the circumstances taken together provides
the basis for a rational jury to conclude that this evidence sufficiently
tended to connect appellant to the commission of the charged offense.  See Malone,
253 S.W.3d at 259.  Therefore, we overrule appellant’s first issue.

B.        Is the evidence legally sufficient to support a finding of
“true” for a drug-free zone for enhancement purposes?

In his second issue, appellant asserts that the
evidence does not support a “true” finding that the alleged offense occurred
within 1000 feet of a school, which is considered a drug-free zone under the
Texas Health and Safety Code.[1] 
Appellant asserts that because no evidence was admitted regarding this
enhancement, the trial court improperly considered it in assessing his punishment
at thirteen years’ confinement.

In assessing the legal sufficiency of the evidence to
support a criminal conviction, we view the evidence in the light most favorable
to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789, (1979)).  We determine whether, based on the evidence and reasonable
inferences therefrom, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997); Ingram v. State, 213 S.W.3d 515,
518 (Tex. App.—Texarkana 2007, no pet.).

The first paragraph in the indictment charged
appellant with knowingly and intentionally possessing, with intent to deliver,
a controlled substance, cocaine, weighing more than one gram and less than four
grams.  The indictment contained an additional paragraph alleging that the
offense was committed in a drug-free zone, which was within 1000 feet of a
premises owned, rented, or leased by an elementary school.  In two enhancement
paragraphs, the State alleged that appellant had two previous felony
convictions for robbery and tampering with physical evidence, both occurring on
the same date.

A drug-free zone finding is necessary to enhance
punishment but is not an element of the offense itself or a separate offense.[2]  See
Williams v. State, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref’d);
see also Calton v. State, 176 S.W.3d 231, 233–34 (Tex. Crim. App. 2005)
(delineating difference between enhancement and element of offense).  A finding
that a narcotics offense occurred within 1000 feet of an elementary school
raises the minimum punishment for an accused’s indicted offense by five years
and doubles the maximum fine.  See Tex.
Health & Safety Code Ann. §§ 481.112(c), 481.134(c)(1) (West 2010). 


The State did not present evidence that the charged
offense occurred near a school; the State acknowledges as much on appeal.  As
reflected in the record, at the beginning of the guilt–innocence phase, both parties
agreed to proceed with the evidence pertaining to a drug-free zone at the
punishment phase of trial.  After the parties rested, the trial court found appellant
“guilty of the crime of which he is charged.”  The trial court then recessed
for a pre-sentence investigation.  At the conclusion of the punishment phase,
the trial court stated:

Alright, Mr. Garcia,
having been found guilty of the crime of delivery of a controlled substance in
a school zone, it is the judgment of this Court that you be confined in the
Texas Department of Criminal Justice Institutional Division for a period of 13
years, and I hereby commend you into custody of the Sheriff of Fort Bend County
for imposition of that sentence at this time.

Appellant claims that “[t]he trial court expressly
announced he was finding the [drug-free zone] allegation ‘true’ and assessed
punishment at confinement for thirteen years. . . .”  However, appellant has provided
no record citation directing this court to where in the record the trial court
expressly found the drug-free allegation true; and an independent review of the
record yields no such finding.  The trial court’s written judgment and order of
commitment indicate the trial court found appellant guilty of the offense of delivery
of a controlled substance; neither document contains a reference to a
determination that the offense occurred in a drug-free zone.  Although the
judgment reflects that appellant pleaded “true” to enhancement paragraphs and
that the trial court found the enhancements to be true, the record does not
reflect that appellant entered a plea to any enhancements or that the trial
court expressly made a “true” finding for the drug-free-zone enhancement as
appellant contends on appeal.[3] 


As noted by the parties, the State presented no
evidence to support enhancement of punishment by virtue of the drug-free zone
allegation under section 481.134 of the Texas Health and Safety Code.  See
Ingram, 213 S.W.3d at 519.  To the extent that the trial court’s pronouncement
in assessing punishment, as referenced above, arguably may be construed as a
“true” finding that the offense occurred in a drug-free zone, appellant has not
been harmed.  See Tex. R. App. P.
44.2(b).  A harm analysis may be applied when the State fails to sustain its
burden of proving an enhancement allegation because the evidence still may support
an accused’s assessed punishment.  See Jordan v. State, 256 S.W.3d 286,
292 (Tex. Crim. App. 2008) (involving issue of whether evidence was sufficient
to support a “true” finding on enhancement by prior conviction).  

The offense of delivery of a controlled substance,
including cocaine, weighing between one and four grams is a second-degree
felony.  See Tex. Health &
Safety Code Ann. §§ 481.102(3)(d), 481.112(a), (c) (West 2010).  A
second-degree felony carries a punishment range of “not more than 20 years or
less than 2 years.”  Tex. Penal Code
Ann. § 12.33 (West 2003).  The State alleged appellant had been
convicted of two prior felony offenses that occurred on the same day, but the
State acknowledged it could not seek habitual-offender status based on the
non-sequential convictions.  If, at a trial of a second-degree felony,
as in this case, the State proves that the accused has been previously
convicted of a felony, the accused, on conviction, shall be punished for a
first-degree felony.  See Tex.
Penal Code Ann. § 12.42(b).  A first-degree felony carries a punishment
of five to ninety-nine years.  Tex.
Penal Code Ann. § 12.32 (West 2003).  The State presented evidence,
without objection, that appellant was previously convicted of the felony
offenses of robbery and tampering with evidence.[4]  

Because there was no evidence that would support a
finding that the charged offense occurred within 1000 feet of an elementary
school, the drug-free zone allegation was not proven and appellant’s conviction
remained a first-degree felony with enhancement by the prior convictions.  See
Tex. Health & Safety Code Ann.
§§ 481.102(3)(d), 481.112(a), (c); Tex.
Penal Code Ann. §§ 12.42(b), 12.32.  The trial court assessed appellant’s
punishment at thirteen years’ confinement, which was clearly within the
available range of punishment.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(d), 481.112(a), (c); Tex. Penal Code Ann. §§ 12.42(b),
12.32; see also Ingram, 213 S.W.3d at 520 n.6 (noting that the
conviction and not the punishment determines enhancement).  Therefore, reversal
is improper.[5] 
Cf. Ingram, 213 S.W.3d at 520 (reversing for insufficient evidence
supporting a drug-free zone allegation because the assessed sentence was more
than statutorily authorized).  We overrule appellant’s second issue.

The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
See Tex. Health & Safety Code Ann. § 481.134(c)(1) (West 2010)
(providing that a second-degree felony offense for delivery of a controlled
substance increases the minimum confinement to five years and doubles the
maximum fine if the offense was committed within 1000 feet of the premises of a
school).





[2]
As such, appellant does not challenge the sufficiency of the evidence to
support his conviction for delivery of a controlled substance.





[3]
However, appellant does not assert error on these grounds.  





[4]
Appellant asserts no error on appeal as to the sufficiency of the evidence to
support enhancement of his punishment based on the prior felony convictions.





[5]
Appellant claims this cause should be reversed and relies on Turk v State,
867 S.W.2d 883, 888 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d), for reversing
based on an erroneous finding on an enhancement paragraph.  Appellant’s
reliance on Turk is misplaced.  The issue presented in Turk involved
an assertion that “no fact finder ever found the enhancements to be true”;
however, appellant’s second issue challenges the legal sufficiency of the
evidence to support a finding of “true” to the drug-free-zone enhancement, in
which appellant argues that the trial court “expressly announced he was finding
the [drug-free zone] allegation ‘true. . . .’”  See id.  Furthermore,
the defendant in Turk was convicted on two counts and sentenced to fifty
years, unlike appellant in this case, who was convicted on only one count.  See
id.  The Turk court remanded both counts to the trial court for a
new punishment hearing because it would not assume that the trial court would
have assessed fifty years on each count.  See id.